### Case No. 9,908.

MULFORD et al. v. PEARCE et al.

[14 Blatchf. 141; 2 Ban. & A. 542; 11 O. G. 741.] [1]

Circuit Court, S. D. New York. Feb. 21, 1877. [2]

PATENTS — ORNAMENTAL CHAIN—INFRINGEMENT— LIMIT OF DAMAGE.

In the case of a patent for an ornamental chain, as a new article of manufacture, where there is a difference in kind between the patented chain and prior chains, and where what was open to the public could not make a chain like the patented article in its peculiar characteristics, the patentee is not, in ascertaining the damages sustained by him by the infringement of his patent, limited to the advantage derived by the defendant from using the peculiar features of the patented chain over what advantage he would have had from using what was so open to the public.

[This was a bill in equity by Lewis J. Mulford and others against Thomas D. Pearce and others for the infringement of reissued letters patent No. 5,774, granted to C. Cottle, Feb. 24, 1874, the original letters patent, No. 147,045, having been granted Feb. 3, 1874. There was a decree for an injunction, and a reference to a master to state the amount. Case No. 9,907. The case is now heard on exceptions to the master's report.]

[The patent had two claims: (1) An ornamental chain for necklaces, &c., formed of alternate closed links A and open spiral links B, substantially as shown and described. (2) The open spiral link B, formed of coils of tubing, substantially as shown and described. Upon the accounting it appeared that the defendant had made certain chains constructed precisely as described in the first claim of the patent, and certain other chains com-

1 [Reported by Hon. Samuel Blatchford, Circuit Judge: reprinted in 2 Ban. & A. 542; and here republished by permission.]

2 [Reversed in 102 U. S. 112.]

posed entirely of the open spiral link claimed in the second claim of the patent. Upon these chains the master awarded as damages the entire profits which the complainants would have made on the sale of the entire chains, deducting, of course, the cost of manufacturing, selling, &c. The defendants made certain other chains, in which open spiral links were used to connect a series of several closed links joined together in the usual manner. Upon these chains the master awarded as damages the profits which the complainants would have made on the spiral links alone in said chains.][3]

Benjamin F. Lee, for plaintiffs.

Henry Baldwin, Jr., for defendants.

SHIPMAN, District Judge. The defendants except to the master's report in regard to the amount of damages found to have been sustained by the plaintiffs, by reason of the infringement of their patent. The principal exception is stated in two forms—that, inasmuch as the defendants had a right to make chains of alternate links, and to use tubing for one link, provided it was soldered so as to make that link closed, the question to be determined by the master was, 1st, What advantage was derived by the defendants from using the open links over what they would have had in using closed links made of tubing? Or, 2d, What advantage have the defendants gained, by reason of having used open spiral links of gold tubing, over what would have enured from the use of open spiral links of solid wire?

The patented article was a new ornamental chain or necklace, a new article of manufacture, and the first claim has been held by this court to be a claim for a chain composed of alternate closed links and open spiral links formed of one or more coils of gold tubing. Mulford v. Pearce [Case No. 9,907]. The distinctive feature of the invention, it was held, did not consist in the fact that the link was spiral, but did consist in the construction of the open spiral link from a specified material, viz., gold tubing. The two elements of utility and novelty which the new article possesses are described in the opinion, in which it was shown that these elements did not exist either in a soldered chain of tubing, which could not be taken apart, and which required finishing and polishing after it was put together, or in a chain made of split gold rings of solid wire. It was said that the difference between the latter article and the patented chain was clearly marked and was a difference in kind. The patented and the unpatented articles are entirely distinct from each other. By the use of closed or soldered links of tubing, or links of solid wire, the manufacturer cannot obtain the result which is found in the patented invention, and, therefore, the principle which was decided in Mowry v. Whitney, 14 Wall. [81 U. S.] 620,

and which is invoked by the defendants, is not applicable. That was a case of a new process of manufacture, and the court say that the proper inquiry was, what was the advantage in bringing the article by the patented process to a state of perfection, over bringing it to the same state by other processes open to the public, and which would be equally beneficial. In this case, the links of a chain which are open to the public, cannot, from their nature, make a chain which is like the patented article in its peculiar characteristics. The master might as well undertake to estimate the advantage which the patented article possesses over any other gold chains, as over those which the defendants have selected.

The master seems to me to have observed, in this case, the rules which have heretofore been sanctioned by the circuit and supreme courts. The cases of Buck v. Hermance [Case No. 2,082]; Pitts v. Hall [Id. 11,192]; Cowing v. Rumsey [Id. 3,296]; Livingston v. Jones [Id. 8,414]; Seymour v. McCormick, 16 How. [57 U. S.] 480, are in point.

In regard to the motion for treble damages, I do not perceive any adequate reason which calls upon the court to exercise its discretionary power to increase the actual damages. The master's report is confirmed, and the exceptions are disallowed. The motion to increase the damages is denied.

[For another case involving this patent. see note to Mulford v. Pearce, Case No. 9,907.]

[The final decree entered in this case was reversed upon appeal by the defendants to the supreme court, when the patent was held void. 102 U. S. 112.]